

RECEIVED
DEC 29 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLARA HARRELL | CIVIL ACTION NO. 10-0156 |
| -vs- | JUDGE DRELL |
| LOUISIANA DEPARTMENT OF HEALTH & HOSPITALS d/b/a PINECREST SUPPORT & SERVICES CENTER | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a "Motion for Summary Judgment" filed by the Louisiana Department of Health & Hospitals, d/b/a Pinecrest Support and Services Center ("Pinecrest"). (Doc. 25). For the following reasons, the motion will be **GRANTED**.

### I. Procedural Background

On February 4, 2010, Plaintiff filed a Complaint (Doc. 1) alleging Pinecrest discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Specifically, Plaintiff alleges she was the victim of a hostile work environment while she was a supervisor at Pinecrest Home 315 which is a home for individuals with mental disabilities.

In September 2008, Plaintiff was terminated from her employment with Pinecrest as a result of allegations of physical, emotional, and psychological abuse of clients. Plaintiff appealed her termination to the Louisiana State Civil Service

Commission[1] and was represented by counsel at a hearing in June 2009 at which was presented evidence and witnesses ("the hearing"). The Civil Service referee found Pinecrest proved a sufficient number of the allegations against Plaintiff to support a finding of legal cause for her termination. (Doc. 25-3). At the hearing, Plaintiff had asserted that her termination was in retaliation for her having filed a grievance against the administration of Pinecrest in June 2008. The grievance concerned alleged harassment directed at Plaintiff by a patient's mother. Plaintiff appealed the referee's decision to the Louisiana First Circuit Court of Appeal, and the Civil Service Commission decision was affirmed. Harrell v. Dep't Health and Hospitals, 48 So. 3d 297 (La. App. 1 Cir. 2010). Plaintiff applied for a writ of certiorari and/or review to the Louisiana Supreme Court which was denied as untimely. Harrell v. Dep't Health and Hospitals, 51 So. 3d 715 (La. 2010).[2] In our Court, Pinecrest has amended its answer to the complaint to reflect a defense of res judicata (Doc. 24), and the present motion for summary judgment followed.

II.  **Law and Analysis**

    A.  **Legal Standards**

        1.  *Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Civil Service appeals are handled in accordance with La. Const. Art. 10, § 12.

[2] While Plaintiff was pursuing her case with the Civil Service Commission, she also filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation. She received a right to sue letter from the EEOC in November 2009 and her complaint in this Court followed.

matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

    2.    *Res Judicata*

28 U.S.C. § 1738 mandates state court judgments are given the same full faith and credit in federal court as they would have in the court from which they are taken. As applied to the current case, if Plaintiff's Title VII claim would be precluded by res judicata in Louisiana state court, we must find it barred by the same principle in our federal court. See Kremer v. Chemical Const. Corp., 456 U.S. 461, 481–82 (1982). In Louisiana, res judicata is governed by La. R.S. 13:4231 which states, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties . . . to the following extent: (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

La. R.S. 13:4231. In addition to considering the preclusive effect in state court, the United States Supreme Court has also directed federal courts to address "whether

the party against whom the preclusive effect is asserted had a full and fair opportunity in the state proceedings to litigate the claims." Hughes v. Arveson, 924 F. Supp. 735, 737 (M.D. La. 1996) (citing Kremer, 456 U.S. at 481–82).

In Hughes, our colleague in the Middle District of Louisiana, Judge Polozola, decided res judicata barred a former employee of the Louisiana Department of Education from litigating her Title VII race discrimination claim in federal court. Hughes, 924 F. Supp. at 738. Similar to the case before us, the Hughes plaintiff appealed her termination to the Louisiana State Civil Service Commission and subsequently to the Louisiana First Circuit Court of Appeal. Id. at 737–38. Judge Polozola reasoned the Title VII claim "arose out of the same transaction or occurrence as those litigated on the state level (the termination of [Plaintiff from a specific position])"; therefore, the plaintiff's Title VII claim satisfied the res judicata requirement under La. R.S. 13: 4231(2). Id. As to the second prong under Kremer, the Hughes plaintiff had a full and fair opportunity in state proceedings to litigate her race discrimination claim by virtue of the administrative and state judicial procedures. Id. Judge Polozola noted: "Whether or not the plaintiff took advantage of the procedures available to her is not determinative of the issue before the Court." Id. at 738.

3. *Application of Law to Plaintiff's Claims*

Although not binding precedent, we find the facts of Hughes strikingly similar to those before us and are persuaded by Judge Polozola's articulate reasoning and

application of controlling law. Plaintiff in our case brings suit against an identical defendant as the one she faced in the administrative and state judicial proceedings.

By her own admission, Plaintiff agrees res judicata "would apply if plaintiff was attempting to re-litigate her termination by asserting a defense not argued but available at the civil service hearing." (Doc. 27 at p. 6). Plaintiff's Complaint alleges she was deprived of "benefits, incomes, privileges, terms and conditions of her employment with defendant because of her race, color and in retaliation in violation of the provisions under Title VII . . . ." (Doc. 1 at ¶ XII). We find Plaintiff's claim of race discrimination and hostile work environment clearly arise out of her termination which is precisely the same occurrence as litigated before the Civil Service Commission and in state court.

Importantly, at no time during the state proceedings, either administrative or at the appellate court level, did Plaintiff raise a defense of race discrimination or hostile work environment. Although Plaintiff argued her defense of retaliation related to her grievances to the Pinecrest administration, Plaintiff failed to mention any of the allegations contained in her complaint concerning alleged incidents of mistreatment based on her race. If the issue were seemingly so apparent, any reasoned consideration would warrant her having done so there. Indeed, this is exactly the situation for which res judicata is intended and it is properly applied here.

III. Conclusion

The parties do not dispute the procedural background of the administrative and state court proceedings. We find Defendant has shown there is no genuine

dispute as to any material fact, and Pinecrest is entitled to judgment as a matter of law that Plaintiff's claims are barred by res judicata. Accordingly, Defendant's motion for summary judgment will be GRANTED.

SIGNED on this 29th day of December, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE